IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRIAN O'HAGAN                                                                                   PLAINTIFF

     v.                            Civil No.  11-5186

JESSICA WINTERS, Probation/
Parole Officer; JOHN FELTS, Board Member,
Probation and Parole; and THE
STATE OF ARKANSAS                                                                         DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Brian O'Hagan filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

### 1.  Background

According to the allegations of the complaint, Jessica Winters was O'Hagan's probation officer.  In October of 2009, Winters visited O'Hagan's home.  O'Hagan alleges Winters observed some very serious and dangerous conditions especially for the children living there.

Winters testified at his probation revocation hearing on September 9, 2010, that she knew the second she saw him in October of 2009 that he was "messed up" on "something."  According to O'Hagan, Winters also knew he was a fugitive because he has absconded supervision in Missouri. Finally, Winters stated she observed a woman in O'Hagan's kitchen doing "something strange."

Knowing the severity of methamphetamine addiction, O'Hagan maintains Winters should have acted to ensure his safety, that of his children, and of the public. Specifically, O'Hagan maintains Winters should have: drug tested him on the spot or asked him to come to the office for testing; had him detained for absconding; and inquired who the woman in the kitchen was. O'Hagan alleges that if Winters does not now feel that what she observed and what she testified to are the same then she offered perjured testimony with the assistance of Brandon Carter, the prosecuting attorney.

With respect to John Felts, O'Hagan alleges he is the head of the office that supervises convicted felons and should be providing proper training and monitoring of field officers to make sure they execute their duties to protect the clients, his family, and the public. With respect to the State of Arkansas, O'Hagan maintains it should have safety measures in place to protect citizens so dangerous situations like the one he was involved in do not happen. As relief, O'Hagan seeks monetary damages.

**2. Discussion**

It has been recognized that probation and parole officers have a double duty extending to the welfare of their clients and to the safety of the general community. Gagnon v. Scarpelli, 411 U.S. 778, 783-84 (1973). While the duty extends to investigating probation or parole violations, United States v. Newton, 369 F.3d 659, 666 (2nd Cir. 2004), it does not extend to preventing the client from violating the terms of his probation or parole or from harming himself by his illegal activities such as the ingestion of controlled substances, Gagnon,, 411 U.S. at 784 ("Because the probation officer or parole officer's function is not so much to compel conformance to a strict code of behavior as to supervise a course of rehabilitation, he has been entrusted . . . with broad discretion . . and has been armed with the power to recommend or even declare a revocation"). In short, there is no constitutional duty on Defendants' part to protect O'Hagan from the consequences of his own actions. Cf. DeShaney v. Winnebago Co. Dep't of Soc. Servs., 489 U.S. 189, 202 (1989)(concluding

that social workers and other local officials "had no constitutional duty to protect [the child] against his father's violence").

### 3. Conclusion

For the reasons stated, I recommend that this case be dismissed for failure to state a claim. 28 U.S.C. § 1915A(b). The dismissal of this lawsuit will constitute a strike under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g). The Clerk should be directed to place a § 1915(g) strike flag on the case.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of October 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE