```
            IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF ARKANSAS
                   FAYETTEVILLE DIVISION
```

BRIAN O'HAGAN                                          PLAINTIFF

       v.                    No. 11-5186

JESSICA WINTERS, ET AL.

                                                      DEFEN
DANT

## O R D E R

NOW on this 17th day of November 2011, comes on for consideration the **Report and Recommendation of the Magistrate Judge** (Doc. 5), and plaintiff's Objection (Doc. 6) thereto.  The Court, being well and sufficiently advised, finds and orders as follows:

1.   Plaintiff is proceeding *pro se* in this case.  He filed this action against Jessica Winters, his former state probation/parole officer, her supervisor and the State of Arkansas.

The relevant facts alleged by plaintiff in his complaint are as follows:

In October 2009, plaintiff was on probation pursuant to a criminal judgment filed on April 2, 2001.  Plaintiff says that, sometime in October 2009, Ms. Winters visited him at his home and observed that he was under the influence of drugs (methamphetamine) while his children were present, but she took no action to ensure his safety, the safety of his children or the public in general. Plaintiff asserts that when Ms. Winters observed him under the influence of drugs, as well as other suspicious circumstances, she

had a duty to take some action to help him and his family, such as taking him into custody and/or helping him get drug counseling.[1]

Plaintiff asserts that Ms. Winters' actions constitute gross negligence and caused him and his family to suffer serious damages. Plaintiff does not articulate the nature of the damages that he and his family suffered, however, he seeks to recover $2,000,000 to be paid to himself and his three minor children.

2.    This case was referred to the Magistrate Judge, who conducted a preservice screening of the complaint under the Prison Litigation Reform Act, 28 U.S.C. § 1915A.

On October 25, 2011, the Magistrate Judge issued a Report and Recommendation in which she found that plaintiff's complaint fails to state a claim because defendants had no constitutional duty to protect plaintiff from the consequences of his own actions.

3.    Plaintiff has objected to the Report and Recommendation in a nineteen-page document in which he generally argues for the proposition that once Ms. Winters saw that he was under the influence of drugs, she had a duty to act to protect him and his children.

4.    "The Due Process Clause of the Fourteenth Amendment provides that '[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law.'" *DeShaney v. Winnebago County Dept. of Social Servs.,* 489 U.S. 189, 194-95

---

[1]    Plaintiff's probation was eventually revoked in September of 2010 and he is now serving out a sentence in the Cummins Unit of the Arkansas Department of Corrections.

(1989)   (footnote   omitted).     Plaintiff's   claim   that   his

constitutional  rights  were  violated  when  defendants  failed  to

protect him from himself invokes "the substantive rather than the

procedural  component  of  the  Due  Process  Clause."   *DeShaney,* 489

U.S. at 195.

The  Supreme  Court  in  *DeShaney*  stated  that  "the  Due  Process

Clauses generally confer no affirmative right to governmental aid,

even where such aid may be necessary to secure life, liberty, or

property interests of which the government itself may not deprive

the  individual."   *DeShaney,*  489  U.S.  at  196.   Thus,  "a  State's

failure to protect an individual against private violence simply

does not constitute a violation of the Due Process Clause."  *Id.* at

197.[2]

4.   In light of the Supreme Court's holding in *DeShaney,* the

Court agrees with the Magistrate Judge that defendants owed no duty

to  plaintiff  to  protect  him  from  the  consequences  of  his  own

actions.   Therefore,  plaintiff's  due  process  claim  fails  to  state

a claim under 42 U.S.C. § 1983.

---

[2]     There are two recognized exceptions to this rule: the
custody exception and the state-created danger exception.  *See*
*Gregory v. City of Rogers,* 974 F.2d 1006, 1010 (8th Cir. 1992).
Neither of these exceptions apply here.

**IT IS THEREFORE ORDERED** that plaintiff's Objection (Doc. 5) is **overruled;**

**IT IS FURTHER ORDERED** that the **Report and Recommendation of the Magistrate Judge** (Doc. 5) is hereby **adopted** *in toto;* and

**IT IS FURTHER ORDERED** that plaintiff's complaint is **dismissed** for failure to state a claim.  The dismissal of this lawsuit shall constitute a strike under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).  The Clerk is hereby directed to place a § 1915(g) strike flag on this case.

**IT IS SO ORDERED.**


                                    **/s/ Jimm Larry Hendren**
                                    **HON. JIMM LARRY HENDREN**
                                    **UNITED STATES DISTRICT JUDGE**